**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| BRICE PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00065-TWP-MJD |
| | ) | |
| JAMES EARL VAUGHAN, III, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT AND MOTION TO DISMISS**

This matter is before the Court on a Motion for Leave to Amend Complaint (Filing No. 27) filed by *pro se* Plaintiff Brice Price ("Price") and a Motion to Dismiss (Filing No. 16) filed by Defendant James Earl Vaughan, III ("Vaughan"). Price filed this lawsuit against Vaughan, a police officer, to bring claims against him for making false statements in a probable cause affidavit. For the following reasons, the Court **grants** Price's Motion for Leave to Amend Complaint and **denies as moot** Vaughan's Motion to Dismiss.

## I. DISCUSSION

On January 8, 2020, *pro se* Plaintiff Price filed his Complaint against Vaughan, a detective with the Lawrence Police Department, alleging that he submitted a perjured affidavit for probable cause, stating an eyewitness identified Price as having possessed a firearm. Price's Complaint alleges that on January 14, 2019, Price was arrested and charged with carrying a firearm without a license and possession of a firearm by a serious violent felon. Price further alleges the arrest was without probable cause, and probable cause was not found until January 17, 2019, so he was held in jail without a hearing in violation of *Gerstein v. Pugh*, 420 U.S. 103 (1975) (Filing No. 1 at 2–7).

Price's Complaint alleges that he was never subjected to an identification procedure and that no witness identified him as a suspect. As to Vaughan, the Complaint alleges he perjured himself in a probable cause affidavit. The affidavit asserts Vaughan met with a witness who told Vaughan that he observed the handgun that was recovered by the Lawrence Police Department, and it was the same gun that he observed in the possession of Price. However, the Complaint alleges, this was a lie forged by Vaughan because the witness could not have known Price's name or identity. The Complaint then asserts a claim for a Fourth Amendment violation against Vaughan pursuant to 42 U.S.C. § 1983. *Id.*

Just over a week after filing this lawsuit, Price went to trial on January 16, 2020, on the charge of unlawful possession of a firearm by a serious violent felon, and the jury found that Price knowingly or intentionally possessed a firearm. Price waived jury trial as to whether he was a serious violent felon. Thereafter, the state court entered a judgment of conviction, and Price was sentenced on February 11, 2020. Price filed an appeal on March 9, 2020.

Rather than answering the Complaint, Vaughan filed his Motion to Dismiss on July 13, 2020, arguing that Price's Fourth Amendment Section 1983 claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because a judgment in Price's favor on his Section 1983 claim would imply that his conviction is invalid (Filing No. 16).

On October 19, 2020, Price filed his Motion for Leave to Amend Complaint, asserting that when he filed his original Complaint, he was a pretrial detainee seeking redress for Fourth Amendment violations. However, given the substantial change in circumstances since the filing of his original Complaint—the completion of a jury trial and his conviction—Price seeks leave to amend his Complaint to drop his Fourth Amendment Section 1983 claim that is barred by *Heck* and to assert claims against Vaughan for abuse of process and defamation based upon the same

facts of Vaughan's perjured probable cause affidavit (Filing No. 27). Vaughan acknowledges that if the Court allows Price to amend his Complaint, then Vaughan's "pending motion to dismiss will become moot." (Filing No. 22 at 2.)

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course within twenty-one days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)." After a responsive pleading has been filed and twenty-one days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). The Rule, however, "do[es] not mandate that leave be granted in every case. In particular, a district court may deny a plaintiff leave to amend his complaint if there is undue delay, bad faith[,] or dilatory motive . . . [, or] undue prejudice . . . , [or] futility of amendment." *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002) (citation and quotation marks omitted). "Whether to grant or deny leave to amend is within the district court's discretion." *Campbell v. Ingersoll Milling Machine Co.*, 893 F.2d 925, 927 (7th Cir. 1990). Additionally, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Upon review of the record, the Court determines that there is no undue delay, bad faith, dilatory motive, undue prejudice, or futility of amendment. Price's Motion for Leave was filed less than one year after the original Complaint was filed. Very little activity has occurred in this litigation. It appears that the parties have not had to engage in any discovery and have not had to spend time preparing a case management plan. No case management plan has been established in

this matter. The Court determines that justice requires allowing leave to amend the Complaint in this case because of the significant changes that have occurred since the filing of the original Complaint—specifically the completion of Price's state court jury trial and his conviction.

## II. CONCLUSION

For the reasons explained above, the Court **GRANTS** Price's Motion for Leave to Amend Complaint (Filing No. 27) and **DENIES as moot** Vaughan's Motion to Dismiss (Filing No. 16). The clerk is **directed** to file Price's tendered Amended Complaint at Filing No. 27-1 as of the date of this Order and it is now the operative pleading in this matter. Vaughan is granted **thirty (30) days** to file a responsive pleading to the Amended Complaint or a motion to dismiss.

**SO ORDERED.**

Date: 2/3/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

BRICE PRICE
721946
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com