UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRICE PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-00065-TWP-MJD |
| ) | |
| JAMES EARL VAUGHAN, III, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT**

This matter is before the Court on a Motion to Dismiss Amended Complaint, (Dkt. 30), filed by Defendant James Earl Vaughan, III ("Vaughan"). *Pro se* Plaintiff Brice Price ("Price") filed an Amended Complaint against Vaughan alleging claims of abuse of process and defamation, (Dkt. 26). Vaughan moves to dismiss the case arguing this Court lacks subject matter jurisdiction and Price fails to state a claim for which relief can be granted. For the following reasons, the Motion is **granted**.

## I.  BACKGROUND

The following facts are not necessarily objectively true, but, as required when reviewing a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Price was arrested on January 13, 2019 and charged with being a serious violent felon in possession of a firearm, (Dkt. 29 at 1). The arresting officers submitted a probable cause affidavit to which Vaughan, the detective assigned to the case, added that witness David Byerly stated that he "observed the .40 Caliber Smith and Wesson handgun that was recovered by the Lawrence

Police department was the same handgun that he observed in the possession of Brice Price." *Id.* at 1-2.

On February 3, 2021, Price filed an Amended Complaint titled "Amended U.S.C. 1983 Complaint" which alleges the following:

> Detective Vaughan, while creating a 'Probable Cause Affidavit'… abused process by using his authority to do so to defamate (sic) Plaintiff Price. Statements made in the affidavit were false and it is clear that Vaughan understood the falsity of these statements. Price seeks damages for mental anguish, damage to reputation, [and] humiliation.

(Dkt. 29 at 1). Price alleges that Vaughan knowingly included a false statement in the probable cause affidavit indicating that another officer identified Price as the person he saw with the handgun recovered by the police. Vaughan's purpose in making the false statement was to defame Price by imputing criminal conduct (Dkt. 29 at 2-3). Vaughan's defamation of Price was an ulterior motive for using a legal process to accomplish a goal for which this process was not designed, (Dkt. 29 at 3).

On March 5, 2021, Vaughan moved to dismiss the Amended Complaint for lack of jurisdiction. On April 7, 2021, the Court issued an Order notifying Price that he would have through April 30, 2021 to respond to the Motion to Dismiss, (Dkt. 32). The Court further provided notice to Price that a failure to timely respond to a defendant's arguments alone warrants dismissal of the lawsuit. *Id.* That deadline has passed and Price has not responded. Accordingly, this matter is ripe for a ruling.

## II.  LEGAL STANDARDS

### A.  Motion to Dismiss under Rule 12(b)(1) Standard

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Federal Rule of Civil Procedure 12(b)(1). The burden of proof is on the plaintiff, the party

asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012) (en banc). "The plaintiff has the burden of supporting the jurisdictional allegations of the complaint by competent proof." *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). "In deciding whether the plaintiff has carried this burden, the court must look to the state of affairs as of the filing of the complaint; a justiciable controversy must have existed at that time." *Id.*

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (citation omitted). Furthermore, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citation and quotation marks omitted).

**B.        Motion to Dismiss under Rule 12(b)(6) Standard**

Similarly, Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United

States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

Vaughan seeks dismissal of the Amended Complaint under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Because it is dispositive, the Court will only address dismissal under Rule 12(b)(1).

Although Price's original Complaint alleged Fourth Amendment violations, the Amended Complaint alone is the operative complaint. Here, the Amended Complaint contains no allegations of conduct which could support the existence of federal question jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003) (explaining federal courts may exercise federal question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision).

The Seventh Circuit has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d

675, 679 (7th Cir. 2006). Although Price's Amended Complaint is labeled "Amended U.S.C. 1983 Complaint" and states that it is "enter[ed] . . . pursuant to Section 1983 of the Civil Rights Act", (Dkt. 29 at 1), there are no other references to either section 1983 or any provision of federal constitutional or statutory law. Instead, the Amended Complaint only discusses the state law torts of defamation and abuse of process. Construing the *pro se* pleading liberally, as it must do, the Court finds no federal claims in the Amended Complaint. In fact, throughout the Amended Complaint, Prices cites specifically to case law regarding the torts of defamation and abuse of process. *Id*. at 2-4.

Federal courts may exercise federal question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003). As argued by Vaughan, the Amended Complaint pleads facts and law that only support state law tort claims—and Price alleges no conduct which could support the existence of federal question jurisdiction—the Court lacks subject matter jurisdiction and should therefore dismiss the Amended Complaint pursuant to Rule 12(b)(1).

## IV.   CONCLUSION

For the reasons explained above, the Court **GRANTS** Vaughan's Motion to Dismiss Amended Complaint, (Dkt. [30]), and this matter is **DISMISSED** for lack of subject matter jurisdiction. Final judgment will issue in a separate order[1].

**SO ORDERED.**

---

[1] A dismissal for want of federal jurisdiction is without prejudice, so that plaintiff may refile his complaint in another court that does have jurisdiction. *See El v. Americredit Financial Services, Inc*., 710 f.3d 748, 751 (7th Cir. 2013). Regardless of whether a judgment is issued, a dismissal for lack of jurisdiction can be appealed. *See Schering-Plough Healthcare Products, Inc. v. Schwarz Pharma, Inc.,* 586 F.3d 500, 506 (7th Cir. 2009).

5

Date:  5/17/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brice Price, #721946
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, Indiana  46135

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

6